CJ9 153 -

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAR 19 2019

RICK WARREN
COURT CLERK



# THE DISTRICT COURT FOR THE STATE OF OKLAHOMA
## OKLAHOMA COUNTY

HOLLY GORALEWICZ,                    )
and SHAWNA BURLEY                    )
    Plaintiffs                       )    Case No. CJ- 2019-
                                     )
v.                                   )    **JURY TRIAL DEMANDED**
                                     )    **ATTORNEY'S LIEN**
STATE OF OKLAHOMA ex rel            )    **CLAIMED**
THE DEPARTMENT OF HUMAN             )
SERVICES,                            )
                                     )
    Defendant                        )
                                     )

## CJ-2019-1513

## PETITION

COMES NOW, the Plaintiffs Holly Goralewicz and Shawna Burley, for their

Petition against the State of Oklahoma ex rel The Department of Human Services ("DHS").

In support of this Petition, Plaintiffs allege and state the following:

### JURISDICTION AND VENUE

1. Plaintiff Holly Goralewicz is a citizen of the State of Oklahoma and is a resident of

   Canadian County.

2. Plaintiff Shawna Burley is a citizen of the State of Oklahoma and is a resident of

   Oklahoma County.

3. Defendant The Department of Human Services ("DHS") is an agency of the State

   of Oklahoma.

4. On information and belief, all the acts complained of occurred in Oklahoma County

   in the State of Oklahoma.

1

## EXHIBIT 3

## STATEMENT OF FACTS – PLAINTIFF HOLLY GORALEWICZ

5. Plaintiffs adopt and incorporate the previous paragraphs as if set forth herein.

6. Plaintiff Goralewicz was hired as a Child Welfare Specialist I with DHS on February 27, 2013. At the time the complained-of incidents occurred, Plaintiff Goralewicz was a Child Welfare Specialist IV.

7. Plaintiff Goralewicz is a Caucasian female.

8. DHS District Director Erin Johnson ("Johnson") was Plaintiff Goralewicz's supervisor. Johnson is a Caucasian female.

9. Plaintiff Goralewicz became an acting supervisor in October 2015. She was officially hired for the supervisory position in March 2016.

10. On June 17, 2016, Plaintiff Goralewicz asked Johnson for advice on a case. Johnson became angry with Plaintiff Goralewicz and yelled at her in front of other employees. Thereafter, Johnson continued to make derogatory statements to Plaintiff Goralewicz and about her to other employees.

11. After this incident, Plaintiff Goralewicz was unable to engage in effective communication with Johnson, and she became a target of continual humiliation, ridicule, and hostility by Johnson.

12. On October 6, 2016, Plaintiff Goralewicz requested Johnson's assistance with cases and asked for performance feedback. Johnson yelled at Plaintiff Goralewicz and threw a piece of paper at her. Johnson made personal and professional attacks on Plaintiff's Goralewicz within earshot of other employees. Johnson called Plaintiff Goralewicz a liar, said she was the "joke of the department and everyone knew it,"

**EXHIBIT 3**

and said Plaintiff Goralewicz did not care if kids died as evidence by Plaintiff Goralewicz's own life and work. Plaintiff Goralewicz had a child of her own that had passed away.

13. On December 5, 2016, Plaintiff Goralewicz, along with coworkers, contacted Johnson by phone about a case that involved the Indian Child Welfare Act ("ICWA") and the placement of children on tribal land. Johnson yelled at Plaintiff Goralewicz for interrupting her family time. Throughout the interaction, Johnson treated Plaintiff Goralewicz with hostility by yelling at her, made her feel incompetent, and accused her for not caring about families. Ultimately, Johnson hung up on Plaintiff Goralewicz.

14. During the December 5, 2016, call to Johnson, Johnson directed Plaintiff Goralewicz to instruct her employee to enter tribal land without permission, in violation of ICWA and DHS policies.

15. On January 6, 2017, Johnson denied all requests to work from home due to inclement weather. Johnson directed all Child Protective Services workers and supervisors to report to work by 10:00 A.M. Johnson reported to work between 10:30 and 11:00, ensured staff was present, then left for the day.

16. On January 11, 2017, Johnson emailed Plaintiff Goralewicz requesting to discuss Plaintiff Goralewicz's trial period as a supervisor. Johnson made numerous allegations that Plaintiff Goralewicz's performance was not meeting standards. However, Plaintiff Goralewicz's performance was nearly identical to that of other

3

**EXHIBIT 3**

supervisors in her position. Plaintiff Goralewicz was the only one threatened with demotion.

17. On January 13, 2017, Plaintiff Goralewicz's young children were home because school had been cancelled due to inclement weather. Plaintiff Goralewicz had requested to work from home but her request was denied by Johnson. Instead, Plaintiff Goralewicz was directed to report to work with her children while other employees in Plaintiff Goralewicz's situation, including Johnson, were allowed to work from home.

18. On several occasions, Johnson gave credit to other supervisors for Plaintiff Goralewicz's accomplishments.

19. On January 24, 2017, Plaintiff Goralewicz filed a grievance in opposition of discriminatory practices for unfair and disparate treatment, hostile work environment, erroneous interpretation or application of DHS policy, rules, and/or law.

20. Johnson declined to mediate the grievance with Plaintiff Goralewicz.

21. On February 22, 2017, Plaintiff Goralewicz was demoted by Erin Johnson, Supervisor. Johnson alleged the demotion was due to performance issues. However, Plaintiff Goralewicz had not been issued any corrective action plans or otherwise disciplined prior to her demotion.

22. As a result of the demotion, Plaintiff Goralewicz's pay decreased.

**EXHIBIT 3**

23. Plaintiff Goralewicz's performance was at least equal to that of other similarly situated employees who were African American. Those employees were not demoted.

24. On March 10, 2017, Plaintiff Goralewicz filed a second grievance related to her February 22, 2017, demotion.

25. Following her demotion, Plaintiff Goralewicz, along with Plaintiff Burley and another DHS employee, spoke to the media about her concerns regarding the treatment of staff, the safety of children, and the inability of the workforce to properly assess the safety of children due to unrealistic workloads, and the focus of DHS leadership on the numbers needed to meet the requirements of The Pinnacle Plan.

26. Since that time, Plaintiff Goralewicz has faced retaliation at the hands of her post-demotion supervisor, District Director Tanya Mosier.

27. In November 2017, Plaintiff Goralewicz, along with Plaintiff Burley and another DHS employee, spoke to the media concerning the unsafe and retaliatory practices of DHS.

28. Plaintiff Goralewicz suffered additional retaliation at the hands of Mosier following her speaking to the media and filing her EEOC complaint.

29. Plaintiff Goralewicz was targeted through assignment of a workload that was impossible for one worker to manage and maintain the safety of children. Her workload was considerably higher than the other workers in her office.

**EXHIBIT 3**

30. Plaintiff Goralewicz notified Mosier of her concerns. Mosier failed to respond to Plaintiff Goralewicz's concerns and Mosier failed to assist in assuring the safety of children.

31. In mid-2018, the media aired a follow-up store. The harassment and retaliatory actions taken against Plaintiff Goralewicz were reported, as well as the same behavior directed towards other DHS employees, including Plaintiff Burley.

32. Plaintiff Goralewicz timely filed a charge of discrimination against Defendant DHS with the EEOC. Plaintiff Goralewicz files this Petition within ninety (90) days after receiving her Dismissal and Notice of Rights letter from the EEOC. Exh. 1 – Goralewicz EEOC Letter

33. On December 10, 2018, Plaintiff Goralewicz served a tort claim on Defendant DHS via certified mail.

34. More than 90 days have passed since the service of the tort claim on Defendant DHS, and Defendant DHS has failed to respond.

## STATEMENT OF FACTS – PLAINTIFF SHAWNA BURLEY

35. Plaintiffs adopt and incorporate the previous paragraphs as if set forth herein.

36. Plaintiff Burley was hired as a Child Support Worker with DHS in October 2010. At the time the complained-of incidents occurred, Plaintiff Burley was a Child Support Worker II.

37. Plaintiff Goralewicz is a Caucasian female.

38. DHS employee Erin Johnson ("Johnson") was Plaintiff Goralewicz's supervisor.

6

**EXHIBIT 3**

39. On February 13, 2017, Ms. Burley sent an email to DHS Director Ed Lake regarding concerns she had about excessive overtime requirements for workers, complaints about District Director Erin Johnson, and concerns that workers were turning to drugs and alcohol as a result of the stress in the work environment at DHS. She advised him that Johnson showed favoritism to a unit under her by allowing certain individuals to work from home but required that the workers under her supervisor at the time, Plaintiff Goralewicz, to report to work.

40. At the time Johnson allowed the other units/employees to work from home, DHS was on reduced services due to the weather, and she required Plaintiff Burley's unit to drive in inclement weather risking their health and safety. Employees were told to bring their children to work with them, but the other unit did not have the same requirements.

41. Mosier has engaged in a pattern and practice of retaliating against employees who speak out about wrongdoing within her department.

42. Under 74 O.S. §840-4.17, state agencies, such as Defendant DHS, are required to conduct performance evaluations.

43. During her seven (7) years of employment, Plaintiff Burley never received a performance review prior to her complaint to Lake.

44. After the complaint, Mosier attempted to back date a performance evaluation for Plaintiff Burley to the start of her employment under Mosier. This is falsification of records, which is also unethical, illegal, and a routine practice at DHS. Human Resources intervened and prevented Mosier from backdating the evaluation.

7

**EXHIBIT 3**

45. On June 6, 2017, Plaintiff Burley received a written reprimand from Mosier for an alleged incident that took place in 2016. Mosier attempted to backdate Plaintiff Burley's performance evaluation in order to complete the reprimand.

46. This reprimand was after Plaintiff Burley made complaints about the excessive work requirements which violate the Pinnacle Plan.

47. DHS workers, including Plaintiffs Burley and Goralewicz, are consistently assigned in excess of twelve (12) investigations. Employees are directed to close a certain number of investigations per week or they will be written up regardless of whether the case has been properly investigated. Workers are not given adequate resources to care for the children, and children are left in unsafe situations.

48. In the summer of 2017, while workers were investigating the death of a child, Plaintiff Burley was directed to go into the files of other workers cases and to reinvestigate work that the other workers had done and to make changes in the file. Specifically, Plaintiff Burley was directed to access any cases involving Kathy Taylor who left DHS as a result of the death of the child. Plaintiff Burley felt like she was being set up in a "gotcha" moment to blame her and others for the failures of the District Directors, including Mosier who was the District Director on the child death case in question.

49. The Child Welfare Specialists have no power and the final decision to remove children from the home is not made by worker, but by the District Director. Mosier is the District Director who declined the suggested removal of the child made by another Child Welfare Worker. The child died as the result of an asthma attack while

8

**EXHIBIT 3**

in the care of her family. Medical neglect had been the basis of the DHS investigation of this family, and there had been multiple referrals.

50. Mosier is the only employee who received **NO DISCIPLINE** for her role in the death of the child. Workers must have approval from the Mosier to remove children and Mosier consistently overrules recommendations to remove children from unsafe homes because she wants to keep the number of removals down for her office.

51. Plaintiff Burley is a member of the military. She is not an exempt employee with DHS. While out on military leave, DHS required Plaintiff Burley to continue to work even though doing so conflicted with her military obligations.

52. Plaintiff Burley did not accrue overtime and/or compensatory time at time and a half as is required by law and DHS policy. She was told as long as her performance improvement plan ("PIP") was open, she could not accrue overtime and/or compensatory time. Plaintiff Burley asked why her PIP had not been closed out by the stated deadline, but no explanation has been provided.

53. Plaintiff Burley had not received an annual performance evaluation since she was hired for the position in Child welfare, and she was told that she could not be disciplined without one.

54. Plaintiff Burley believes that an investigation was initiated into her caseload in retaliation for her complaints to Lake. The reprimand occurred only after she complained to Lake.

**EXHIBIT 3**

55. Plaintiff Burley was moved to a new office immediately after she wrote the letter to Lake, and Mosier told Plaintiff Burley that she had been instructed to review Plaintiff Burley's caseload.

56. In November 2017, Plaintiff Burley retained Bussett Legal Group, and spoke with the media, alongside Plaintiff Goralewicz and others, concerning the unsafe and retaliatory practices of DHS.

57. Plaintiff Burley suffered more retaliation at the hands of Mosier following her initial interview with the media, and her EEOC claim being filed. She was targeted through assignment of a workload that was impossible for one worker to manage and maintain the safety of children.

58. Plaintiff Burley notified Mosier of her concerns regarding her excessive workload. Mosier did nothing to assist in assuring the safety of those children.

59. In mid-2018, the media aired a follow-up story, which reported the continued harassment and retaliatory actions taken against Plaintiffs Burley and Goralewicz, as well as others.

60. Plaintiff Burley suffered extreme health issues because of the stress she was under. She was placed on medical leave due to her blood pressure being dangerously high.

61. Upon returning to work, Plaintiff Burley found that there had been no change to the atmosphere of the office. If anything, it had worsened. Supervisors and workers were resigning one after another.

62. No member of DHS leadership has ever spoken with Plaintiff Burley about her concerns.

**EXHIBIT 3**

63. Mosier has been allowed to continue in her role as District Director and continues to manage her personnel through fear and intimidation, which is the standard practice of DHS leadership.

64. Following months of retaliation for her efforts to protect the children of Oklahoma, Plaintiff Burley was forced to submit her resignation due to the continued toll it has taken on her physical and mental health.

65. Plaintiff Burley timely filed a charge of discrimination against Defendant DHS with the EEOC. Plaintiff Burley files this Petition within ninety (90) days after receiving her Dismissal and Notice of Rights letter from the EEOC. Exh. 2 – Burley EEOC Letter

66. On December 10, 2018, Plaintiff Burley served a tort claim on Defendant DHS via certified mail.

67. More than 90 days have passed since the service of the tort claim on Defendant DHS, and Defendant DHS has failed to respond.

### FIRST CAUSE OF ACTION – RETALIATION
### AS TO PLAINTIFF GORALEWICZ

68. Plaintiffs adopt and incorporate the previous paragraphs as if set forth herein.

69. Plaintiff Goralewicz asserted her rights to be free from workplace discrimination, retaliation, and hostile work environment under state and federal law under DHS policy and procedures when she filed internal grievances regarding the way Johnson treated her and directed her to violated agency policies and federal laws.

70. Rather than address Plaintiff Goralewicz's concerns, Plaintiff Goralewicz was demoted.

**EXHIBIT 3**

71. Plaintiff Goralewicz's demotion was disparate treatment based on race. Plaintiff Goralewicz was demoted while other similarly situated African American employees whose performance was equal to hers were not demoted.

72. Plaintiff Goralewicz again asserted her rights to be free from workplace discrimination, retaliation, and hostile work environment under state and federal law under DHS policy and procedures when she filed internal grievances regarding her demotion.

73. Rather than address Plaintiff Goralewicz's concerns, DHS management intensified the harassing and retaliatory behaviors against her.

74. Because the harassment and retaliatory behaviors continued, Plaintiff Goralewicz filed a complaint with the EEOC.

75. As a result of the conduct by Defendant, Plaintiff Goralewicz was forced to endure a hostile work environment, was demoted and lost pay, and was placed on a punitive work assignment.

76. As a result of the conduct by Defendant, Plaintiff Goralewicz has lost wages and benefits, suffered negligent and intentional emotional distress, and sustained damage to her reputation and career.

77. Plaintiff Goralewicz has been injured in an amount in excess of $75,000 and is entitled to judgement against Defendant for its wrongful conduct.

**EXHIBIT 3**

## SECOND CAUSE OF ACTION - RETALIATION
## AS TO PLAINTIFF BURLEY

78. Plaintiffs adopt and incorporate the previous paragraphs as if set forth herein.

79. Plaintiff Burley asserted her rights to be free from workplace discrimination, retaliation, excessive workload, and hostile work environment under state and federal law and the Pinnacle Plan when she filed a complaint with DHS Director Lake.

80. Rather than address Plaintiff Burley's concerns, Plaintiff Burley was given additional work beyond her already excessive workload.

81. Plaintiff Burley was also assigned to reinvestigate the cases of other Child Welfare workers in an attempt to set her up for additional punishment later.

82. Plaintiff Burley's workload was considerably higher than the workload of her peers, who were African American. Plaintiff Burley's workload amounts to disparate treatment based on race. Plaintiff Goralewicz was demoted while other similarly situated African American employees whose performance was equal to hers were not demoted.

83. Rather than address Plaintiff Burley's concerns, DHS management intensified the harassing and retaliatory behaviors against her.

84. Rather than address Plaintiff Burley's concerns regarding her excessive workload, DHS management assigned additional work to her.

85. Plaintiff Burley was required to perform work for DHS without proper compensation while she attending to her military service obligations.

## EXHIBIT 3

86. Such conduct by Defendant DHS is disparate treatment based on Plaintiff Burley's status as a military veteran.

87. As a result of the conduct by Defendant, Plaintiff Burley was forced to endure a hostile work environment, was not promoted or given a raise, lost time from work, and was placed on a punitive work assignment.

88. As a result of the conduct by Defendant, Plaintiff Burley has lost wages and benefits, suffered negligent and intentional emotional distress, and sustained damage to her reputation and career.

89. Plaintiff Burley has been injured in an amount in excess of $75,000 and is entitled to judgement against Defendant for its wrongful conduct.

## THIRD CAUSE OF ACTION – BURK TORT AS TO BOTH PLAINTIFFS

90. Plaintiffs adopt and incorporate the previous paragraphs as if set forth herein.

91. Plaintiffs were and/or are at will employees, but as governmental employees have a property interest in their jobs.

92. The actions of Defendant violate the Oklahoma Public Policy and Oklahoma Statutory law.

93. The remedies available to Plaintiffs under federal law are not adequate to address the injuries and damages they suffered as a result of the conduct of their employer's illegal and wrongful conduct.

94. Oklahoma has a clear and articulated policy of prohibiting employers from retaliating against employees because they speak out on matters of public concern.

14

**EXHIBIT 3**

Plaintiffs spoke out against their employer on matters of public concern regarding DHS's violations of the Pinnacle Plan and dangers to the children of Oklahoma.

95. Plaintiffs were demoted and/or assigned excessive workloads because they spoke to the media regarding the DHS's violations of the Pinnacle Plan and its failure to protect the children of Oklahoma.

96. As a result of the conduct by Defendant, Plaintiffs were forced to endure a hostile work environment, were not promoted or given a raise, lost time from work, and were placed on a punitive work assignments.

97. As a result of the conduct by Defendant, Plaintiffs have lost wages and benefits, suffered negligent and intentional emotional distress, and sustained damage to their reputations and careers.

98. Plaintiffs have been injured in an amount in excess of $75,000 and are entitled to judgement against Defendant for its wrongful conduct.

WHEREFORE, Plaintiffs Holly Goralewicz and Shawna Burley, demand judgment in their favor and against the Defendant the State of Oklahoma ex rel The Department of Human Services in excess of $75,000.00 for their wrongful, improper, and illegal conduct. Plaintiffs Holly Goralewicz and Shawna Burley request that they be awarded their lost wages, damage to reputation, damages for emotional distress and mental suffering, and punitive damages. Plaintiffs Holly Goralewicz and Shawna Burley

**EXHIBIT 3**

further request that the Court award them the costs and attorney's fees associated with this suit and any and all other relief that this Court deems just and equitable.

Respectfully submitted by,

Rachel Bussett, OBA#19769
Patricia A. Podolec, OBA # 21325
Bussett Legal Group, PLLC
432 NW 11th St.
Oklahoma City, OK 73103
Telephone: (405) 605-8073
FAX: (405) 212-9112
Email: Rachel@BussettLegal.com
       PPodolec@BussettLegal.com
*Counsel for the Plaintiffs*
*ATTORNEY'S LIEN CLAIMED*

**EXHIBIT 3**

EEOC Form 161 (11/16)

## U. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Holly K. Goralewicz | From: Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2018-00118 | Donna G. Noel,<br>Investigator | (405) 231-4361 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Donna L. Noel_      December 19, 2018

Holly Waldron Cole,     (Date Mailed)
Area Office Director

Enclosures(s)

cc: M. Daniel Weitman      Rachel Bussett
    OKDHS              BUSSETT LEGAL GROUP, PLLC
    PO Box 25352        1621 N. Classen Blvd.
    Oklahoma City, OK 73125-0352    Oklahoma City, OK 73106

EXHIBIT
1

EXHIBIT 3

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

# EXHIBIT 3

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: **Shawna C. Burley** | From: **Oklahoma City Area Office**<br>**215 Dean A. McGee Avenue**<br>**Suite 524**<br>**Oklahoma City, OK 73102** |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **564-2018-00117** | **Donna G. Noel,**<br>**Investigator** | **(405) 231-4361** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Donna D. Noel* (signature)

**Holly Waldron Cole,**
**Area Office Director**

**December 19, 2018**
*(Date Mailed)*

Enclosure(s)

cc:
**M. Daniel Weitman**
**OKDHS**
**PO Box 25352**
**Oklahoma City, OK 73125-0352**

**Rachel Bussett**
**BUSSETT LEGAL GROUP, PLLC**
**1621 N. Classen Blvd.**
**Oklahoma City, OK 73106**

**EXHIBIT**
**2**

**EXHIBIT 3**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date** this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than **2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** — *not* 12/1/10 — in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** — **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** — **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## EXHIBIT 3